CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
August 28, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **PIERRE A. RENOIR,** | ) |
| Plaintiff, | ) Case No. 7:25CV00210 |
| v. | ) **OPINION** |
| **UNKNOWN,** | ) JUDGE JAMES P. JONES |
| Defendant. | ) |

*Pierre A. Renoir, Pro Se Plaintiff.*

The plaintiff, Pierre A. Renoir, a Virginia inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, alleging that unnamed prison officials have interfered with his religious practice in various ways. Renoir has not prepaid the necessary filing costs to proceed with a civil rights action and impliedly requests in forma pauperis status under 28 U.S.C. § 1915, which would allow him to pay the filing fee through installments from his inmate trust account. After review of his pleadings, I conclude that he does not qualify to do so based on his current allegations and his prior frivolous filings in this court. Accordingly, I will summarily dismiss this lawsuit under § 1915(g).

Renoir names no defendants in this submission to the court which he titles "Attempted Murder and Antisemitic based Chemical, Mental, Psychological, and Emotional Torture & Abuses." Compl. 1, Dkt. No. 1. He alleges that as an

Orthodox Jew, he emailed a rabbi in February 2025, only to have his own emails erased. He also claims that religious books and other materials donated to him have been destroyed at River North Correctional Center (RNCC). Renoir asserts, "I was told to shave my head and beard bald and denounce Judaism or I would be force-fed so many chemicals I would sit in a cell at Marion Correctional Treatment Center (MCTC) with my brain turned to mush." *Id.* He claims he was "forced to comply" and that he was "denied food for over a week, then fed starvation portions, forced to eat pork, and fed so many chemicals by nurses (NOT prescribed by an MD) I now can not remember things done seconds prior." *Id.* at 1–2. He claims that his "sight and balance are off with major episodes that RNCC said could be brain trama [sic]." *Id.* at 2. Renoir asserts that if the court receives his Complaint, "they have tried to have [him] killed by chemical overdose and to drive [him] to suicide via antisemitic based chemical, mental, psychological, and emotional tortures and abuses." *Id.* at 2. He also claims that he has been denied access to mail, telephone, or email and that he fears for his "life, health, and safety." *Id.* He asks the court to order an investigation and volunteers to take a polygraph test.

Under the Prison Litigation Reform Act of 1995, all prisoner litigants suing government entities or officials must pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust

account. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury." § 1915(g).

Renoir has brought such actions or appeals on three or more prior occasions. *See, e.g., Renoir v. Governor of Virginia*, 755 F. Supp. 2d 82 (D.D.C. 2010) (dismissed under § 1915(g)); *Renoir v. Davidson*, No. 08-CV-333, 2008 WL 2944893, at *1 (E.D. Wis. 2008) (noting accumulation of three "strikes"); *Renoir v. Brown*, No. 7:07CV00166, 2007 WL 1052477, at *1 (W.D. Va. 2007) ("Renoir has 'three strikes' under § 1915(g)."); *Renoir v. Ray*, No. 7:06CV00164, 2006 WL 840313 (W.D. Va. 2006) (dismissed under § 1915(g), with finding that allegations also did not state any actionable § 1983 claim); *Renoir v. Wilson*, No. 7:99CV00810 (W.D. Va. 1999) (dismissed as frivolous). Accordingly, Renoir may proceed in forma pauperis (without prepayment of the filing fee) only if he states facts showing that he faces imminent danger of serious physical injury. § 1915(g).

The "imminent danger" exception to § 1915(g)'s "three strikes" rule must be construed narrowly and applied only "for genuine emergencies," where "a threat . . . is real and proximate" to the alleged official misconduct. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). The prisoner must be seeking relief

from and demonstrate a danger that is imminent at the time he files the complaint. *Chase v. O'Malley*, 466 F. App'x 185, 186 (4th Cir. 2012) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (finding that exception "focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct").

I cannot find that Renoir has alleged facts showing that he was in any imminent danger of physical harm under § 1915(g) when he filed his complaint in late March 2025. Renoir's allegations do not support a finding of the required level of imminent physical injury to meet the exception under § 1915(g). Specifically, the only dated incident of which he complains occurred in February 2025, almost two months before he filed his Complaint. This dated claim relates only to emails to a rabbi that did not go through or were deleted. Renoir does not attach dates to any of the other supposed incidents he describes in his submission, nor does he state names of any individuals who allegedly deprived him of food or interfered with his religious beliefs. Moreover, Renoir's claims in this action appear to concern only past or perhaps imaginary events, with no factual allegations tying them to any identified official at the prison where he is now confined.

In the alternative, I find Renoir's claims to be factually frivolous under 28 U.S.C. § 1915(e). A "frivolous" claim is one that "lacks an arguable basis either in

law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).  My statutory authority to summarily dismiss frivolous complaints includes "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless" or which describe "fantastic or delusional scenarios."  *Neitzke*, 490 U.S. at 327-28.  Many of Renoir's contentions in this lawsuit fall squarely into this class of claims.

For the stated reasons, I cannot find that Renoir is eligible to proceed with this civil action without prepayment of the filing fee under the imminent danger exception in § 1915(g).  Accordingly, I must deny his application to proceed in forma pauperis under § 1915(g).  Because he has not prepaid the $350 filing fee or the $52 administrative fee required to bring a civil action in this court, I will dismiss the Complaint without prejudice.

A separate Final Order will be entered herewith.

DATED: August 28, 2025

/s/ JAMES P. JONES
Senior United States District Judge